IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA,<br><br>        Plaintiffs,<br><br>v.<br><br>PAR PHARMACEUTICAL, INC.,<br><br>        Defendant. | Civil Action No.: 07-808-JJF-LPS |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS
PAR PHARMACEUTICAL'S COUNTERCLAIM COUNTS IV AND V**

**I.      INTRODUCTION**

The Court should grant AstraZeneca's motion to dismiss Counterclaims IV and V of Defendant Par (D.I. 17), because Par filed an untimely notice of voluntary dismissal of those counterclaims (*see* D.I. 32).[1]  Par's purported dismissal was ineffective, because Par acted outside of the narrow window of time provided in Fed. R. Civ. P. 41 in which a party may unilaterally dismiss its claims.  AstraZeneca had filed a responsive pleading in the action before Par filed its notice of voluntary dismissal.  AstraZeneca's filing of the responsive pleading extinguished the defendant's unilateral right to dismiss its counterclaims under Fed. R. Civ. P.

---

[1] After filing its notice of voluntary dismissal of counterclaims, Par opposed AstraZeneca's motion to dismiss, arguing that the motion is now moot as a result of Par's unilateral dismissal (D.I. 33).

41(c) and 41(a)(1)(i).[2]  AstraZeneca's motion for dismissal therefore is not moot, and the Court should dismiss the counterclaims.  Par has refused AstraZeneca's offers to cure its defective dismissal and stipulate to dismiss the counterclaims.  Thus, AstraZeneca seeks the Court's assistance to effect the dismissal of the counterclaims.

## II.    PAR HAS NO RIGHT UNDER RULES 41(A) AND 41(C) TO DISMISS ITS COUNTERCLAIMS UNILATERALLY, AND ASTRAZENECA'S MOTION TO DISMISS IS NOT MOOT

Par's unilateral attempt to dismiss its counterclaims is improper because Rules 41(c) and 41(a)(1)(i) only permit a party to dismiss its counterclaims without prejudice in a narrow window of time, i.e. before a responsive pleading or motion for summary judgment is filed.  *See* Fed. R. Civ. P. 41(c) ("A claimant's voluntary dismissal [of a counterclaim] under Rule 41(a)(1)(1)(i) must be made . . . before a responsive pleading is served"); *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3rd Cir. 1987) ("This rule affixes a bright-line test to limit the right of dismissal to the early stages of litigation.").

Rule 41 provides a party with a limited right to dismiss its claims without leave of the court and without agreement of the opposing party.  *See, e.g.*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990) ("Where state statutes and common law gave plaintiffs expansive control over their suits [before Rule 41 was promulgated], Rule 41(a)(1) preserved a narrow slice: It allowed a plaintiff to dismiss an action without the permission of the adverse party or the court only during the brief period before the defendant had made a significant commitment of time and money.").  Because the rule allows a party to dismiss its claims without court intervention, the courts have adopted a bright-line test to simplify the court's task of

---

[2] AstraZeneca's responsive pleading responded to the factual averments in each of Par's counterclaims directed to U.S. Patent RE 37,314 but did not specifically respond to the factual averments in counterclaims directed to U.S. Patent No. 6,316,460 in Par's Answer.

administering the rule. *Manze*, 817 F.2d at 1065 ("Rule 41(a)(1) as it was drafted simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not.") (quoting *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983)).

This is true, even if the responsive pleading is not directed to the claim at issue. *See Berthold Types Ltd. v. Adobe Systems Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) ("[T]he right question is not whether Adobe had filed an answer or motion for summary judgment directed to this claim, newly added by amendment. It is instead whether Adobe had filed an answer or motion for summary judgment in the 'action'"); *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 661 (5th Cir. 1979) (holding that a motion for summary judgment as to only one claim terminated the plaintiff's right to dismiss a second claim under Rule 41(a)(1)).

Here, AstraZeneca filed a responsive pleading before Par attempted to unilaterally dismiss its counterclaims. (D.I. 19.) In its notice of voluntary dismissal, Par does not acknowledge AstraZeneca's pleading. Instead, Par urges that AstraZeneca has not answered or otherwise served a pleading responsive to the specific counterclaims that are the subject of the notice. (*See* D.I. 32 at 1 ("[Plaintiffs] have not answered or otherwise served a pleading responsive to counterclaims counts IV and V").) Nevertheless, AstraZeneca had filed a responsive pleading in the actions before Par attempted its voluntary dismissals. *See Berthold Types*, 242 F.3d at 777 (holding that a motion for summary judgment of some claims extinguishes the plaintiff's right to dismiss additional claims under Rule (41)(a)(1)). As a result, Par had no right under Fed. R. Civ. P. 41(a) and (c) to unilaterally dismiss its counterclaims, and AstraZeneca's motion to dismiss Par's counterclaims is not moot.

3

### III. CONCLUSION

The parties apparently agree that the counterclaims should be dismissed. Moreover, Par does not argue that the Court has declaratory judgment jurisdiction to hear its counterclaims. Thus, because the Court lacks subject matter jurisdiction over Par's counterclaims and to effect dismissal of the counterclaims, AstraZeneca respectfully asks this Court to dismiss Par's Counterclaim Counts IV and V.

|  | Respectfully Submitted: |
|---|---|
| Ford F. Farabow<br>Charlie E. Lipsey<br>Kenneth M. Frankel<br>York M. Faulkner<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, D.C. 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br><br>Henry J. Renk<br>FITPATRICK, CELLA, HARPER & SCINTO<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone: (212) 218-2100<br>Facsimile: (212) 218-2200<br><br>*Of Counsel for Plaintiffs,*<br>AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals, Inc., and Shionogi Seiyaku Kabushiki Kaisha<br><br><br>Dated: May 19, 2008 |     */s/ Mary W. Bourke*<br>Mary W. Bourke (#2356)<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 N. Orange Street<br>Wilmington, DE 19899<br>Telephone: (302) 658-9141<br>Facsimile: (302) 658-5614<br>mbourke@cblh.com<br>*Attorneys for Plaintiffs*<br><br>Thomas A. Stevens (#3039)<br>ASTRAZENECA PHARMACEUTICALS LP<br>1800 Concord Pike<br>Wilmington, DE 19850-5437<br>(302) 885 5457<br>(302) 886 8037<br><br>*Attorney for* AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, and IPR Pharmaceuticals, Inc. |

4

## CERTIFICATE OF SERVICE

I hereby certify on this 19th day of May, 2008 I electronically filed the foregoing REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS PAR PHARMACEUTICAL'S COUNTERCLAIM COUNTS IV AND V with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

**Steven J. Fineman**
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: 302-651-7700
Fax: 302-651-7701
Fineman@rlf.com

The undersigned counsel further certifies that, on May 19, 2008, copies of the foregoing document were also served upon the following individuals in the manner indicated:

<u>Via Email:</u>
**Frederick L. Cottrell, III**
**Steven J. Fineman**
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: 302-651-7700
Fax: 302-651-7701
Cottrell@rlf.com
Fineman@rlf.com

<u>Via Email:</u>
**Edgar H. Haug**
**Daniel G. Brown**
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151
Phone: 212-588-0800
Phone: 212-558-0500
ehaug@flhlaw.com
dbrown@flhlaw.com

**CONNOLLY BOVE LODGE & HUTZ LLP**

By: */s/ Mary W. Bourke*
**Mary W. Bourke (#2356)**
1007 N. Orange Street
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
mbourke@cblh.com

612228